case of Buckworth *v.* Thiskell, in Co. Lit. 241, *a.* *b.* 242, *a.* (note 4.)

The court gave no opinion, whether the remainder over to the testator's nephews was good, or too remote, but said the case last cited was much like the present. They clearly thought, that the husband was tenant by the curtesy. The wife was seized of an inheritance during her life, which her issue by possibility might inherit, and which they would have inherited, if they had not been disappointed by death.

Judgment for the defendants, <em>per tot. cur.</em>

--------------◆◆●◆◆--------------

Lessee of TIMOTHY GREEN et al. *against* ANDREW CREAMER et al.

Devise of an improvement in 1745, without words of inheritance, will vest the devisee with all the testator's interest in the lands.

CASE stated for the opinion of the court, on an ejectment for lands in Dauphin county.

James Graham the elder died seized in fee simple, by virtue of a warrant from the late proprietaries of Pennsylvania, of the premises in question.

The said James duly made his will, whereby he devised and bequeathed as follows : " As to my worldly concerns and effects, I give to my dear wife the one-third part of all my effects, the improvement only excepted. Also, I give to my son James this improvement whereon I live, with a third part of all moveables. Also, I give to my son John M'Clure, ten shillings, to be paid off the whole ; and to Patrick Brown ten shillings, to be paid off the whole. Also, to Hugh Sample, I allow what he owes to me ; and to Samuel Graham, I give three sheep. Also, I will that M. Sankey and Patrick Watson be executors of this my last will, hereby revoking all former wills by me made. Witness my hand this eighth day of October 1745.            JAMES GRAHAM.
"Witnesses present, Richard Sankey.    John M'Clure."
Which said will was afterwards proved on the 13th day of November 1745, in the register's office of Lancaster county.

James Graham, the testator's son, survived his father ; and by his will duly executed, devised the premises in question to the desendants, or those under whom they claim, in fee simple, and died before the day of the demise in the declaration in this cause.

The lessors of the plaintiff are the co-heirs of the testator with his said son James.

If the court shall be of opinion, that James the son, took an estate for life only, by the said will, then judgment is to be entered for the plaintiff. But if he took in fee by the said will then for the defendants.

Mr. Ingersoll for the plaintiff, argued, that the introductory words of the will were not connected with the particular devise, and that no words of inheritance were superadded thereto, nor any expressions used, indicative of an intention, that James the son, should take an estate in fee simple.

He was proceeding to cite some cases on the subject, when he was interrupted by the court, who remarked, that a previous inquiry became necessary, whether landed decisions were applicable to improvements in those early days? Frequent determinations had asserted the contrary. Improvements were considered in those times as mere chattels, and sold as such in the course of administration. They were often transferred without any formal written instrument. Lands held by warrant, and even in some instances where they have been surveyed, were then deemed as little more than improvements, the legal title being considered in the proprietaries, until patents were obtained. And warranted lands have been assigned over by mere blank indorsements of the party's names, and have received the sanction of courts of justice. Such was the custom of the country at that day, and such the ideas of the inhabitants. The opinions of the people have changed, and so has the law, for at this period such a devise would only confer an estate for life. But it was formerly otherwise.

Judgment for the defendants.

Mr. Duncan, *pro. def.*